ORDER DENYING PETITION FOR REVIEW
GARY P. SULLIVAN, Chief Justice.
A Petition for Review having been timely filed on October 26, 2001 by Mary L. Zemyan, Esq., of Wolf Point, on behalf of Roberta Ann (Missi) and Alfred Char-ette, paternal grandparents of subject minor Indian child from an Order Dissolving Restraining Order and Establishing Custody Plan, the Honorable Juanita Azure, presiding. Said petition is denied for the reasons set forth below.
Paternal grandparents contend that the Tribal Court did not act in the best interest of L.S.R.C., the infant daughter of Mark Charette and Thomisina (Tammy) Hapa, who lived together until July, 2001, *225 but were never married. This contention arises following an order of the Tribal Court which dissolved a previously issued temporary order of the Court which had granted sole physical custody to them and restrained the child’s mother from contact with her infant daughter. They urge this Court to review the order based upon 1) the mother had made a mistake in over-medicating the child while in the mother’s custody (inferring that the mother could not be trusted to provide adequate care and support) and 2) the Tribal Court failed to provide for the child’s safety and welfare while in the mother’s unsupervised custody.
Mark Charette (hereafter ‘Mark’) and Thomasina (Tammy) Hapa (hereafter ‘Tammy’) are the parents of L.S.R.C., born September 27, 2000. Mark and Tammy lived together until July, 2001 at which time physical custody of L.S.R.C. was given to Mark’s parents, Roberta Ann (Missi) and Alfred Charette. Following a dispute between Tammy and Missi, both filed custodial petitions on July 31, 2001. A full hearing was held on September 24, 2001, after which the Tribal Court, Judge Juanita Azure, presiding, found that both Tammy and Missi were suitable care providers. Accordingly, joint legal and physical custody of L.S.R.C. was granted to both Tammy and Missi. During one of Tammy’s custodial weeks, she mistakenly over-medicated L.S.R.C. with tegretol, a prescribed seizure drug. Missi filed for an emergency hearing and obtained an ex parte order from Judge Rita Weeks, who, in the same order, placed the matter on Judge Azure’s calendar for hearing on October 22, 2001.
Judge Azure conducted the second hearing on October 25, 2001 at which Tammy admitted to having made a mistake in giving L.S.R.C. medication. In her findings, Judge Azure stated that Tammy had made a “serious mistake”. Judge Azure went on to order the temporary restraining order dissolved and ordered that both Tammy and Missi to meet with Mary Fullerton, a health care professional, “to discuss their concerns regarding the child and her medication in order to prevent any future problems in this area.” Judge Azure also ordered that a statement be furnished the Court to confirm that the meeting had taken place. She then awarded alternating weeks of physical custody of L.S.R.C. to both Tammy and Missi “under further order of the Court.”
It appears that this case is under continuing review of the Tribal Court which raises a question as to whether the matter is ripe for review in this Court. Nonetheless, we find nothing in the record that would support the notion that the Tribal Court abused its discretion when dissolving the temporary restraining order. On the contrary, the Tribal Court conducted two full custodial hearings, yet the petitioners herein would have this Court review the latter of those hearings which dissolved an ex parte order which was made on an emergency basis without benefit of any ‘live testimony. We see absolutely no basis for doing so.
After careful review of all of the record, this Court finds no legal basis upon which to grant the grandparent’s request for review.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The Petition for Review herein, captioned as shown above, is denied and all Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this petition, are herewith restored and shall be given full force and effect without further delay.